**Lakeshia DYSON, Personally, and as Personal Representative for the Estate of Rico Monroe, Jr., Appellant,**

v.

**PHARMACIA & UPJOHN COMPANY, INC., Appellee.**

No. 01–7031.

United States Court of Appeals, District of Columbia Circuit.

Sept. 12, 2001.

Before WILLIAMS, SENTELLE, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the judgment of the district court be affirmed substantially for the reasons stated by the district court in its Memorandum Opinion filed September 21, 2000. Appellee provided a sworn statement from appellant's prescribing physician that the alleged inadequacy of appellee's product warning had no effect on his decision to prescribe the drug at issue to appellant. Under D.C. law, in the absence of any evidence calling the prescribing physician's credibility into question, this statement is sufficient to demonstrate that appellant could not prove that the alleged inadequate warning was a proximate cause of appellant's injuries. *Mampe v. Ayerst Labs.,* 548 A.2d 798, 802 (D.C.1988). Because "the chain of causation was broken," summary judgment for appellee was appropriate. *Id.*

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.